**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN DOBSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:26-cv-01946-JDW** |
| | : | |
| **OFFICER DELEON,** *et al.,* | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

Jonathan Dobson claims that while he was a pretrial detainee at Riverside Correctional Facility ("RCF"), two officers entered his cell and threw him to the ground without reason. He has sued the two officers, but he hasn't included enough detail to state a plausible claim against either officer. I will therefore grant him leave to proceed *in forma pauperis*, dismiss his compliant, and give him leave to file an amended complaint that addresses the problems that I identify below.

## I.    FACTUAL ALLEGATIONS

In early January 2026, Mr. Dobson states that Officer Deleon and Officer McPhearson (who are C.E.R.T. team officers at RCF) entered his cell while he was handwashing some of his underclothes. They entered "without any legitimate reason or justification" entered the cell and threw Mr. Dobson to the floor. (ECF No. 2, ¶ 5.) Mr. Dobson's back "made physical contact" with the metal toilet bowl "[o]n the way down to the floor." (*Id.*) The officers then ransacked the cell, leaving it in total disarray. Mr. Dobson sought treatment for back pain and spasms and was placed on a pain management

program, but he continues to suffer back pain and spasms, as well as mental and emotional distress.

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Mr. Dobson has filled out the required forms, submitted his prisoner account statements, and otherwise demonstrated his inability to prepay the required fees and

costs. I will therefore permit him to proceed *in forma pauperis*. As I explain in the accompanying Order, he will still have to pay the costs of this suit pursuant to the Prison Litigation Reform Act.

### B.      Plausibility Of Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Dobson claims that Officers Deleon and McPhearson violated his constitutional rights when they subjected him to excessive force. Even upon a liberal reading of the Complaint, though, Mr. Dobson has failed to plausibly plead a claim against them.

Mr. Dobson's Complaint does not describe the circumstances and events that occurred with enough detail to render his claims plausible. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). (citing *Twombly*, 556 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotations and citations omitted). "A

complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up).

Because Mr. Dobson was a pretrial detainee during the relevant event, the Fourteenth Amendment governs his excessive force claims. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) To state a due process violation based on excessive force, a pretrial detainee must allege plausibly that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. Whether force was unreasonable "requires 'careful attention to the facts and circumstances of each particular case.'" *Jacobs v. Cumberland County*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Graham*, 490 U.S. at 396). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397. Courts should analyze these circumstances "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. Decisions about safety and order at correctional institutions require the expertise of correctional officers, "'who must have substantial discretion to devise reasonable solutions to the problems they face.'" *Jacobs*, 8 F.4th at 195 (quotations omitted).

The Complaint does not contain facts sufficient to indicate whether the force that the officers used was objectively reasonable based on the totality of the circumstances because it says nothing about those circumstances. It does not describe any of the facts and circumstances leading up to the use of force. Without those allegaitons, I cannot determine that either officer is liable for the misconduct alleged. *See, e.g., Rodriguez v. Trenton Police Dep't*, 828 F. App'x 851, 852 (3d Cir. 2020) (*per curiam*).

The Complaint also falls short because it doesn't allege each defendant's personal involvement in the alleged constitutional violation. To proceed on a Section 1983 claim, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Mr. Dobson refers to the officers' actions collectively, which is not sufficient to state a claim. *See Walker v. Wetzel*, No. 22-1357, 2022 WL 4103632, at *3 (3d Cir. Sept. 8, 2022) (*per curiam*).

## IV.    CONCLUSION

I will grant Mr. Dobson leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Dobson may file an amended complaint in the event he can allege additional facts to address the defects I have noted as to his claims. An appropriate Order regarding amendment follows.

BY THE COURT:

*/s/ Joshua D. Wolson*

April 7, 2026                **JOSHUA D. WOLSON, J.**

5